UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTIN ARNAUDOV, and others, | Case No. 13-cv-02306 NC |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | Re: Dkt. No. 10 |
| CALIFORNIA DELTA MECHANICAL, INC., and TODOR KITCHUKOV, | |
| Defendants. | |

Defendants California Delta Mechanical, Inc. and Todor Kitchukov move to dismiss the plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction. The issue is whether plaintiffs have alleged claims arising under federal law. The Court determines that this issue is suitable for determination on the papers and VACATES the hearing on defendants' motion set for August 28, 2013. Fed. R. Civ. P. 78(b). Because plaintiffs have pleaded facts that show their claims raise a question of federal law, the Court DENIES defendants' motion to dismiss.

## I. BACKGROUND

**A. The Parties**

Plaintiffs Martin Arnaudov, Ivan Velichekov, Mihail Slavkov, Victor Dragni, Serghey Dragni, Dragan Leric, and Eric Olson are residents of California. Dkt. No. 6 at 2-3. They formerly worked for defendant California Delta Mechanical, Inc. *Id.* Defendant Todor Kitchukov is the President and CEO of California Delta Mechanical. *Id.* at 3.

Kitchukov resides in Arizona. *Id.* California Delta Mechanical is a California corporation, doing business in California. *Id.*

**B.     Plaintiffs' Complaint**

Plaintiffs sued defendants California Delta Mechanical and Kitchukov in this Court on May 21, 2013. Dkt. No. 1. They alleged that defendants misclassified them as independent contractors when they were actually employees; paid them less than minimum wage; and failed to pay overtime wages; to compensate them for business expenses; failed to pay social security, Medicare, and payroll taxes; to provide meal and rest breaks; to provide them accurate pay stubs; and to pay them earned wages upon termination. *Id.* at 7-8. Plaintiffs alleged three claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 *et seq.*, and six claims under the California Labor Code. *See* Dkt. No. 1.

Plaintiffs amended their complaint on June 25, 2013 and voluntarily dismissed one plaintiff, Nicola Vlaovic. Dkt. Nos. 6, 7. In their amended complaint, plaintiffs state that they were employed by California Delta Mechanical as installers of water heaters, water treatment systems, sinks, toilets, vanities, faucets, showers, new piping, and the like. Dkt. No. 6 at 5. Defendant Kitchukov oversaw the operations of California Delta Mechanical, including setting wages, supervising plaintiffs and other employees, and controlling the nature and structure of the employment relationship. *Id.* Plaintiffs allege that defendants misclassified them as independent contractors when they were in fact employees. *Id.* at 6. They allege defendants paid them less than minimum wage, and failed to pay overtime wages; to compensate them for business expenses; to pay social security, Medicare, and payroll taxes; to provide meal and rest breaks; to provide them accurate pay stubs; and to pay them earned wages upon termination. *Id.* at 7-8.

Plaintiffs bring the following claims in the operative amended complaint: (1) failure to pay overtime wages under California Labor Code § 510 and 29 U.S.C. § 207; (2) failure to pay minimum wages under California Labor Code § 1197 and 29 U.S.C. § 206; (3) failure to provide meal and rest breaks, or to pay a premium for not providing meal and rest breaks, under California Labor Code §§ 226.7 and 512; (4) failure to provide itemized wage

statements under California Labor Code § 226; (5) failure to pay wages upon termination under California Labor Code § 203; (6) failure to reimburse for necessary expenditures under California Labor Code § 2802; (7) failure to pay wages under California labor law and the FLSA; (8) failure to maintain payroll records under California Labor Code § 1174; and (9) unfair business practices under California Business & Professions Code § 17200. Plaintiffs seek to recover civil penalties on behalf of themselves and others similarly situated under California Labor Code § 2699, as well as damages and penalties under California Labor Code §§ 203, 226 and 558, equitable relief under § 17200, attorneys' fees, costs, and liquidated damages under the FLSA and California Labor Code § 1194.2.

C.  **Defendants' Motion to Dismiss**

Defendants move to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(1). Defendants argue that because plaintiffs rely on California law as an alternative to the FLSA as a basis for relief, that federal subject matter jurisdiction is defeated. Dkt. No. 10 at 5. Defendants contend that California law provides more protection to plaintiffs, that no issue of federal law is essential to the resolution of the claims plaintiffs assert, and thus the exercise of federal subject matter jurisdiction is improper. Defendants rely on two cases, *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988), and *Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996), to support their argument.

Plaintiffs oppose the motion to dismiss arguing that they have properly raised a question of federal law, namely whether defendants violated the FLSA. Dkt. No. 12 at 3. Plaintiffs argue that the FLSA expressly confers subject matter jurisdiction on the federal courts. Because their state law claims arise out of the same facts that form the basis of their federal law claims, plaintiffs contend that this Court has supplemental jurisdiction over its state law claims—without plaintiffs having to show that the state law claims implicate federal issues. *Id.* at 4.

D.  **Jurisdiction**

The parties have consented to the jurisdiction of a United States magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 13, 17.

Case No. 13-cv-02306 NC
ORDER DENYING MOTION TO DISMISS                3

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts may exercise federal question jurisdiction over an action where (1) a federal right is an essential element of the plaintiff's cause of action or (2) a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (citations omitted). Lack of subject matter jurisdiction is grounds for dismissal. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). But, a court may not dismiss an action without leave to amend unless it is clear that "the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

The FLSA states that an action to recover liability "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216. The Act states expressly that a federal court has jurisdiction to resolve claims brought by an employee against its employer for unlawful labor practices described in the Act. With this starting point in mind, the Court

Case No. 13-cv-02306 NC
ORDER DENYING MOTION TO DISMISS                    4

turns to defendants' argument: that plaintiffs' state law claims must raise issues of federal law, and because they do not, this Court lacks subject matter jurisdiction. Defendants rely on two cases for this proposition, but these cases do not support defendants' argument.

In *Christianson v. Colt Indus. Operating Corp.*, the Supreme Court resolved a dispute between the Seventh Circuit and the Federal Circuit over which court properly had jurisdiction. 486 U.S. at 807. Petitioners had brought antitrust claims under the Sherman Act and a state law claim for tortious interference with business relationships against respondent Colt, the manufacturer of the M-16. *Id.* at 805. Petitioner had also obliquely referenced patent law, stating that any valid patent Colt held had expired, and thus petitioners' selling of M-16 parts did not misappropriate any Colt trade secrets or proprietary information. *Id.* In deciding this issue, the Court stated that the language "arising under Federal patent law," which conferred jurisdiction on the Federal Circuit, was analogous to the language in 28 U.S.C. § 1331, which confers subject matter jurisdiction on the federal courts to resolve disputes arising under federal law. *Id.* at 808. The Court applied the "well-pleaded complaint rule" and held that petitioners' complaint did not state a claim for patent infringement, that resolution of the patent issue was not essential for petitioners to prevail on their claims of economic damage, and that Colt's defenses—that petitioners misappropriated patented material—could not confer jurisdiction on the Federal Circuit. *Id.* at 809-10. Indeed, the Court noted that "[t]he most superficial perusal of petitioners' complaint establishes, and no one disputes, that patent law did not in any sense create petitioners' antitrust or intentional-interference claims." *Id.* at 809. Accordingly, because patent law did not create petitioner's claims, the Court held that jurisdiction of the Federal Circuit would only lie where "patent law 'is a necessary element of the well-pleaded antitrust claims.'" *Id.* (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). In other words, where the federal patent statutes did not create the claim, a claim does not arise under § 1338 unless patent law is essential to each theory of relief alleged. *Id.* at 810.

//

Similarly, in *Duncan v. Steutzle*, the Ninth Circuit resolved a jurisdictional dispute between the state and federal court over whether plaintiff's complaint alleged patent or trademark infringement claims, thus forming a basis for removal under 28 U.S.C. § 1331. 76 F.3d at 1484. The Ninth Circuit applied the well-pleaded complaint rule and looked to the face of the complaint to see whether it raised a federal question. *Id.* at 1485. Relying on *Christianson*, the Ninth Circuit held that whether federal jurisdiction existed depended on whether the "well-pleaded complaint establishes either that (1) federal trademark law creates the cause of action; or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal trademark law, in that federal trademark law is a necessary element of one of the well-pleaded claims." *Id.* at 1486 (citations omitted). Applying this test to the facts of *Duncan*, the Ninth Circuit concluded that "[b]ecause the face of Duncan's complaint does not clearly establish that the Lanham Act creates any of the three claims found in her complaint, the first prong of *Christianson*'s test is not met in this case. To the contrary, there are no federal statutes, rules, regulations or cases cited at any point in the complaint, and Duncan does not expressly seek any of the broad remedies available under the Lanham Act. The face of the complaint therefore does not state a Lanham Act claim." *Id.* The Court also concluded that federal trademark law was not essential to each of the alternative theories in support of any one of Duncan's claims and held that removal was improper. *Id.*

Conversely, plaintiffs here have expressly stated three claims under federal labor law. Plaintiffs allege that under 29 U.S.C. § 207, they are entitled to overtime wages for the hours above forty that they worked in a given workweek. Dkt. No. 6 at 9. They further allege that defendants willfully deprived them of overtime pay and that defendants had a policy not to pay overtime wages. *Id.* Plaintiffs also claim that defendants failed to pay them the minimum wage as prescribed by § 206 of the FLSA, and failed to pay them wages and benefits owed to them in violation of the FLSA. *Id.* at 10, 15. Plaintiffs seek compensatory and liquidated damages, attorneys' fees, and costs under §§ 206, 207 and 216 of the FLSA. *Id.* at 9, 10. Unlike the plaintiffs in *Christianson* and *Duncan*, the face of

Case No. 13-cv-02306 NC
ORDER DENYING MOTION TO DISMISS
6

plaintiffs' well-pleaded complaint indicates that their claims are created by federal labor law. There is therefore no need to proceed to the second step of the analysis to determine whether federal labor law is essential to plaintiffs' theories of relief in order for the federal courts to have subject matter jurisdiction over plaintiffs' claims.

Because plaintiffs are the master of their complaint, they may also allege state-law claims. These state law claims do not undermine plaintiffs' federal subject matter jurisdiction because they have pleaded claims that arise under federal law, which confers original jurisdiction on this Court. Rather, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiffs' state law claims, which stem from the same operative facts—defendants' failure to pay wages and benefits for work performed by plaintiffs—as plaintiffs' federal claims.

Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED. Defendants must answer plaintiffs' complaint within fourteen days of the date of this order. Fed. R. Civ. P. 12(a)(4).

IT IS SO ORDERED.

Date: August 9, 2013

Nathanael M. Cousins
United States Magistrate Judge