UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTIN ARNAUDOV, and others,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DELTA MECHANICAL, INC., and others,<br><br>Defendants. | Case No. 13-cv-02306 NC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>Re: Dkt. No. 36 |

Plaintiffs in this wage and hour action seek leave to amend their complaint in order to add two defendants, Delta Mechanical, Inc. and Nevada Delta Mechanical, Inc. Dkt. No. 36. Defendants California Delta Mechanical, Inc. and Todor Kitchukov oppose the motion, arguing that the amendment would prejudice them. Dkt. No. 42. Because the Court finds that defendants have not met their burden of showing that undue prejudice would result from the amendment, the motion for leave to amend is granted.

## I. BACKGROUND

Plaintiffs filed the initial complaint in this matter on May 21, 2013. Dkt. No. 1. On June 25, 3013, plaintiffs filed their first amended complaint. Dkt. No. 6. On September 13, 2013, the parties stipulated to allow plaintiffs to file a second amended complaint. Dkt. No. 31. The second amended complaint added two new causes of action, as well as two new

plaintiffs. *Id.* At the time that the parties stipulated to allow these amendments, plaintiffs also sought a stipulation to add two new defendants, Delta Mechanical, Inc. and Nevada Delta Mechanical, Inc. Dkt. No. 44 at ¶ 6. However, defendants California Delta Mechanical and Todor Kitchujov did not agree to the addition of the new defendants. *Id.*

Plaintiffs served the current defendants with the first amended complaint on June 27, 2013. Dkt. No. 8. Defendants answered the first amended complaint on September 3, 2013. Dkt. No. 29. The Court's scheduling order initially set a discovery cut-off for January 31, 2013, but the Court later postponed the cut-off at the request of the parties, to February 19, 2014. Dkt. Nos. 26, 28.

All the current parties have consented to the jurisdiction of a U.S. Magistrate Judge. Dkt. Nos. 13, 17.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides generally that leave to amend the pleadings before trial should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). Under this rule, courts generally consider five factors when deciding whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). However, "[n]ot all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). Moreover, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

## III. DISCUSSION

Defendants do not argue that plaintiffs' proposed addition of two new defendants would be futile, but instead contend that plaintiffs' attempt to amend is made in bad faith, that plaintiffs have unduly delayed their request to amend, and that the amendment of the

Case No. 12-cv-02306 NC
ORDER GRANTING MOTION FOR
LEAVE TO AMEND THE COMPLAINT                      2

complaint would prejudice both the current and proposed defendants.  Defendants also correctly point out that should the Court allow the amendment, it would result in plaintiffs' third amended complaint and fourth complaint in total.  However, the Court finds that defendants have not shown that they would be prejudiced from further amendment, especially considering this Circuit's requirement that courts grant leave to amend with "extreme liberality." *Eminence Capital*, 316 F.3d at 1051.

Defendants point to only one reason why the proposed amendment would prejudice them, which is that it may necessitate additional discovery near the impending discovery cut-off.  However, plaintiffs argue that the proposed defendants are "owned, managed and controlled by the same person, Defendant Kitchukov" and that therefore much of the information required from and by the new defendants will already be available through completed discovery.  Dkt. No. 43 at 3.  The Court finds that the limited additional discovery demand imposed on defendants does not amount to a substantial prejudice, especially in light of the overlapping ownership of current and proposed defendants, as well as the fact that the parties can seek leave to amend the current discovery schedule if necessary.

Nor have defendants shown that plaintiffs have acted in bad faith or unduly delayed amending the complaint.  Plaintiffs state that they discovered the basis for adding as defendants Delta Mechanical, Inc. and Nevada Delta Mechanical, Inc. in September of 2013. Dkt. No. 44 at ¶¶ 4, 5.  Plaintiffs raised the issue with defendants that same month, but defendants refused to stipulate to the addition of the new defendants. *Id.* at ¶ 6. Based on these facts, it appears that plaintiffs raised the need to add the new defendants at the earliest opportunity.

## IV. CONCLUSION

For the foregoing reasons, the motion for leave to amend the complaint in order to add defendants Delta Mechanical, Inc. and Nevada Delta Mechanical, Inc. is granted. Plaintiffs must file the Third Amended Complaint, as presented in Exhibit C to the Declaration of Kevin Woodall in support of the motion for leave to amend, within 7 days of this order.  Dkt. No. 39-3.

IT IS SO ORDERED.

Date: January 14, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge