June 25, 2014

***Via Electronic Filing and Hand Delivery***

Hon. Nathanael M. Cousins
United States District Court
450 Golden Gate
San Francisco, CA 94102

> ***Joint Statement Regarding Discovery Dispute Re: Plaintiffs'
> Tax Return Information***
> Arnaudov et al. v. Delta Mechanical, Inc. et al.
> Case No. CV-13-2306 NC

Your Honor:

Pursuant to this Court's Standing Order dated October 2, 2013, the parties, through undersigned counsel, hereby submit their Joint Statement Regarding Discovery Dispute Pertaining to Plaintiffs' Responses to Request for Production Nos. 19 and 20.  The parties have conferred in writing and by telephone in an attempt to resolve the dispute but were unable to do so.

## Nature and Status of Dispute

In dispute are two requests for production of documents seeking Plaintiffs' federal income tax returns.  Defendants seek to discover and examine Plaintiffs tax records in connection with their defenses to (i) claims Plaintiffs were misclassified as independent contractors rather than employees and (ii) Plaintiffs' claimed damages which may be impacted by the expenses claimed by Plaintiffs.  Plaintiffs will not agree to produce any records primarily on privacy grounds although they have offered to provide certain information contained in those returns as set forth herein below.

## Description and Unresolved Issues

The parties have been unable to resolve the issues raised by Plaintiffs' objections to these two (2) requests for production.  The subject requests and responses:

## DOCUMENT REQUEST NO. 19:

Copies of all IRS Schedule C attached to the federal income tax returns YOU FILED with the IRS for each of the years YOU provided services for DEFENDANTS where YOU received an IRS Form 1099 from DEFENDANTS.

**DOCUMENT REQUEST NO. 20**:

Copies of all IRS 1040 federal income tax returns YOU filed with the IRS for each of the years YOU provided services for DEFENDANTS where YOU received an IRS Form 1099 from DEFENDANTS.

**AMENDED RESPONSE TO REQUEST NOS. 19 and 20 [same text for both]**:

Plaintiff objects that this request is vague, ambiguous, not reasonably likely to lead to the discovery of admissible evidence, is overly broad, overly burdensome, compound, harassing and seeks documents not reasonably accessible because of undue burden or cost.  Plaintiff also objects to the extent the request seeks documents protected by the attorney-client privilege, attorney work product doctrine, third party privacy rights and his own privacy rights.

## Defendants' Position

The Plaintiffs' tax returns are relevant and highly probative as to the primary issue in this case – whether the Plaintiffs were misclassified as independent contractors.  A plaintiff's tax returns in misclassification cases have been found to be important and relevant information.  Further, as part of their claim for damages, Plaintiffs have provided their estimates concerning the expenses incurred by them to complete the work for which they received compensation as independent contractors.  Plaintiffs have produced some records of these expenses but admitted, not for all of the expenses.  Yet, the tax records should contain the accurate and complete figures concerning such expenses.

Contrary to Plaintiffs' assertions, "tax returns do not enjoy an absolute privilege from discovery".  Premium Service Corp. v. Sperry & Hutchinson Co., 551 F.2d 225, 229 (9th Cir. 1975).  And although tax returns enjoy a qualified privilege based on privacy, it is not absolute and can be compelled in discovery if the party requesting the tax returns establishes relevancy and a need for the returns.  Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997)(upholding trial court's order compelling production "arguably relevant" to the case was upheld, particularly where the information was "protected by the Protective Order entered into by the parties").  The relevancy of the tax returns go to the most important and threshold issues of the claims asserted by Plaintiffs – whether a misclassification occurred and Plaintiffs' claims for damages.

The relevancy of tax returns in alleged misclassification cases is unquestionable.  Indeed, Plaintiffs' themselves have placed their tax returns at issue in this case.  Throughout their Fourth Amended Complaint, Plaintiffs allege that they were forced to pay Defendants alleged payroll tax obligations through their self-employment taxes.  (See Fourth Amended Complaint, ¶¶ 27, 63, 90, 91 and 92.)  Regardless of the specific allegations in the complaint, the tax returns are directly relevant to each cause of action asserted by Plaintiffs and the primary defense

asserted by Defendants.  To this end, whether Defendants file Schedule C forms with their tax returns is proper and relevant evidence in the determination of independent contractor status.

Both federal and state law authority confirm the relevance of tax returns in the context of misclassification cases.  Mission Ins. Co. v. Workers' Comp. Appeals Bd. (1981) 123 Cal.App.3d 211 (tax returns relevant to determination of independent contractor); Beaumont-Jacques v. Farmers Group, Inc. (2013) 217 Cal.App.4th 1138, 1145 (plaintiff identifying herself as self-employed in tax returns relevant to determination of independent contractor ); Moles v. Gotti, 433 So.2d 1380, 1382 (Fla. D.C.A. 1983)( a clinic's later withholding of income taxes and social security contributions from a doctor's pay was persuasive and relevant to show that he was not an employee when he first began to work for the clinic), *citing and quoting from* Azad v. United States, 388 F.2d 74, 77-78 (8th Cir. 1968)(in finding "independent contractor," reviewing as relevant, personal tax returns showing only professional income, but no wages); U.S. v. Vacante, 717 F.Supp.2d 992, 1012 (E.D. Cal. 2010)(discussing individual tax returns and related testimony evidencing self-paid employment taxes as relevant).  Other jurisdictions follow this logic and have ordered production of tax records[1].

Further, the amount of net compensation the Plaintiffs received is also an issue directly impacting the Plaintiffs' claims for damages.  Each of the Plaintiffs' received certain compensation for the work performed based upon an agreement that the Plaintiffs would pay for certain expenses to complete each project, for the costs of fuel, and other general business items (such as cell phone, internet, etc.).  The Plaintiffs have provided estimates for these expenses and in some instances limited partial records.  However, all of the business expenses have been reported and claimed in the Plaintiffs' tax returns and would provide the exact figures claimed by the Plaintiffs in their tax returns (each Plaintiff has unequivocally already testified that he filed tax returns for each of the years in question and that the expenses were claimed as deductions in his tax returns; most have also confirmed that they filed a Schedule C for each year).

---

[1] The New York Superior Court found relevant that plaintiff could not claim "employee" overtime pay under New York labor laws against his alleged "employer" because his personal 1995-1997 tax filings evidenced: (i) he took business deductions for travel, entertainment, lodging, supplies and telephone; (ii) he did not declare any W-2 wages, only self-employment income; (iii) he claimed depreciation associated with his business assets; and (iv) he conducted business in both Albany, New York and New York City.  Gagen v. Kipany Productions Ltd., 18 Misc.3d 1144(A), *2 (N.Y. 2004)(unreported). An individual's personal tax status is significant in determining whether the individual was properly classified as an independent contractor.  Estate of Suskovich v. Anthem Health Plans of Virginia, Inc., 553 F.3d 559, 568 (7th Cir. 2009).  There, in ruling that the taxpayer was an independent contractor, the court specifically found as relevant that, not only were 1099s issued by his employers, but also that he listed on his own tax returns income from a sole proprietorship and claimed deductions thereunder.

## **Plaintiff's Position**

While Plaintiffs concede that certain of the information contained in their tax returns may be (or become) relevant to ascertain and/or calculate damages – or to controvert their own calculations – several things are clear.

First, there is no dispute that in a federal question action with pendent state law claims, consistent with California law, there is qualified privilege that applies to both production of tax returns themselves and the information set forth in them. *Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975); *Webb v. Standard Oil Co.,* 49 Cal.2d 509, 512-514 (1957); *Davis v. Leal,* 43 F.Supp.2d 1102, 1109 (E.D. Cal. 1999) ("California law affords a very strong privilege from discovery of tax records."); *Fortunato v. Superior Court,* 114 Cal.App.4th 475, 483 (2003); *Ameri-Medical Corp. v. Workers' Comp. Appeals Bd.,* 42 Cal.App.4th 1260, 1289 (1996) (tax returns are not discoverable); *Schnabel v. Superior Court*, 5 Cal.4th 704, 718-721 (1993).

Contrary to Defendants' claim, even if relevant, it is not enough to simply show a "need" for such information – only a *compelling* need – a showing that it is necessary that they be produced – will justify their production.  *See Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997) citing *Lemanik v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 609 (S.D.N.Y.1989) (there is a public policy of confidentiality of tax returns; to require discovery, a party must establish relevancy and the court must find a compelling need for the returns because the information is not otherwise obtainable).  "A public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *See Premium Services Corp., supra, citing Federal Savings & Loan Ins. Corp. v. Krueger,* 55 F.R.D. 512 (N.D.Ill.1972); *Wiesenberger v. W. E. Hutton & Co.*, 35 F.R.D. 556 (S.D.N.Y.1964).  In other words, if there are less invasive alternative sources of needed evidence, production should not be ordered.

No such need exists here.  Defendants have already been able to secure sworn testimony at depositions of each of the plaintiffs that: 1) they filed tax returns on which they acknowledged that they received Form 1099s from the Defendants; 2) that they had no other sources of income (1099 or W-2) while working for Defendants; and 3) that they filed 1040s and Schedule C's consistent with the fiction Defendants had been insisting on (at least until this lawsuit was filed and they were all reclassified) that they were bona fide "independent contractors."

The facts already uncovered in discovery demonstrate that the further maintenance by Defendants of the position that the plaintiffs were properly classified as independent contractors is becoming borderline frivolous.  Even were that not the case, and again, contrary to Defendants' claims – the weight of authority finds that tax returns are not sufficiently probative on the substantive employee v. independent contractor issue to justify their production - much less admission into

4

evidence on that question.  See, e.g., *Estrada v. FedEx Ground Package System, Inc.,* 154 Cal.App.4th 1, 15, n. 14 (2008) (citing with approval trial court's refusal to allow defendants use of tax returns as evidence controverting IK misclassification claim); *Air Couriers International v. Employment Development Dept.,* 150 Cal.App.4th 923, 927 (2007) (affirming trial court's exclusion of tax returns as evidence of proper classification).

Thus, the use of any information contained in tax returns should be limited to proving (or controverting other evidence bearing on) damages.  Plaintiffs have already offered to make the information that is relevant to damages available through sworn discovery responses or affidavits subject to the protective order in place.  Defendants continue to insist, however, that they are entitled to the production of documents that could reveal private information to which they are not entitled – such as the income of spouses.  Not so.

### Defendants' Proposed Compromise

Defendants would allow Plaintiffs to redact all but the last four (4) digits of their social security numbers, all but the last four (4) digits of their telephone numbers, all of the information except for their complete Schedule Cs, income received by wages and income received by 1099s and business expenses claimed as deductions.  Furthermore, Defendant's privacy rights are protected through Protective Order now in place in this case.

### Plaintiffs' Proposed Compromise

Without prejudice to their position that the information is privileged, in lieu of producing copies of the plaintiffs' actual tax returns for years they performed services for Delta, plaintiffs are willing to produce sworn responses subject to the protective order that detail for the periods of time the plaintiffs worked for Delta the following data about themselves alone: (1) From form 1040 - any W-2 or 1099 sources of income and associated amounts received other than from Delta; (2) from "Schedule C" - amounts entered on lines 1 (gross receipts), 9 (cost of operating truck or car), line 11 (amounts for contract labor); line 13 (depreciation); line 17 (cost of tax preparation); line 18 (office supplies and postage); lines 20a / 20b (vehicle rental costs); line 22 (costs of materials and supplies); line 23 (taxes and regulatory fees); line 24a (overnight travel expenses); line 24b (meals and entertainment); line 25 (utility expenses); line 26 (salaries and wages); line 30 (business use of home); and (3) Amounts of self-employment tax paid.

Respectfully submitted,

Counsel for Defendants
CHEIFETZ IANNITELLI MARCOLINI, PC.

By:  /s/ Claudio E. Iannitelli

Counsel for Plaintiffs
DOUGLAS LAW OFFICES

By:  /s/ John H. Douglas