UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTIN ARNAUDOV, and others,<br><br>        Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DELTA MECHANICAL, INC., and TODOR KITCHUKOV,<br><br>        Defendants. | Case No. 13-cv-02306 NC<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 63, 64, 67, 69, 74 |

    In this wage and hour litigation, each side disputes the relevance of discovery requested by the other. In addition, non-party Home Depot objects to a subpoena served on it by plaintiffs, for imposing undue burden. The Court grants some of the discovery requested by the parties, and quashes the subpoena served on Home Depot, as the discovery plaintiffs seek can be obtained from the defendants.

    In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant for discovery purposes if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the Court must limit the scope of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely

benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).  In other words, the Court seeks to "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides that a party may command a non-party to testify at a deposition and "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii).

First, defendants move to compel plaintiffs to produce their 1040 federal tax returns and IRS Schedule C forms.  Plaintiffs oppose production of these documents based on plaintiffs' privacy interest in the tax returns.  Rather than producing the forms themselves, plaintiffs offer to produce all of the information contained on the forms, through a sworn declaration.  But contrary to plaintiffs' argument that defendants must demonstrate a "compelling need" for the tax documents, "tax returns are not subject to any greater degree of protection than other private financial information." *Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*, No. 04-cv-02266 JW (PVT), 2009 WL 3320421, at *2 (N.D. Cal. Oct. 9, 2009) (citing *Stokwitz v. United States*, 831 F.2d 893 (9th Cir. 1987)). Here, defendants have demonstrated that the tax documents are relevant to determining whether plaintiffs were correctly classified as independent contractors and to evaluating the amount of damages that plaintiffs claim for reimbursement of expenses.  In addition, any privacy interest in the tax returns appears minimal, considering that plaintiffs are willing to reveal all relevant information contained in the tax forms, but not the forms themselves. Plaintiffs' remaining privacy concerns can be alleviated by redacting the tax documents to withhold spousal income information, social security numbers, and home addresses. Therefore, the Court grants defendants' motion to compel production of the 1040 federal tax returns and IRS Schedule C forms for plaintiffs during their employment with

Case No. 13-cv-2306 NC
ORDER REGARDING DISCOVERY       2
DISPUTES

defendants. The documents must be produced, subject to the parties' protective order, within 14 days of this order.

Next, plaintiffs move to compel production of contracts and emails between defendants and non-party Home Depot. Plaintiffs have requested the documents from defendants and they have also subpoenaed the documents from Home Depot. First, the Court quashes the subpoena to Home Depot, given that plaintiffs have given no explanation as to why the documents cannot be obtained from defendants. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."). If plaintiffs discover that relevant information is in the custody or control of the non-party and not defendants, they may subpoena that information after they have taken reasonable steps to avoid imposing undue burden or expense on Home Depot. *See* Fed. R. Civ. P. 45(c)(1).

As for the discovery requested from defendants, the Court finds that the contracts between defendants and Home Depot are discoverable because they are at least minimally relevant to whether defendants exercised control over plaintiffs or represented to others that plaintiffs were employees rather than independent contractors. Given the low burden in producing these contracts, the Court orders defendants to produce them, subject to the parties' protective order, within 14 days of this order. But plaintiffs have failed to demonstrate that the speculative relevance of emails between Home Depot and defendants outweighs the burden of their production. The Court therefore denies that request.

IT IS SO ORDERED.

Date: July 3, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge