UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ARNAUDOV, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DELTA MECHANICAL, INC, et al.,<br><br>    Defendants. | Case No. 13-cv-02306-NC<br><br>**ORDER TO REMEDY DEFICIENCIES IN PRETRIAL STATEMENT**<br><br>Re: Dkt. No. 122 |

Before the Court is plaintiffs' and Delta's joint pretrial statement. The undersigned Magistrate Judge's trial standing order requires that the joint pretrial statement contain a series of items. This includes a "(2) a <u>detailed description of the relief sought</u> and the evidentiary material to be presented in support of such relief"; "(3) a concise statement of all undisputed and stipulated facts"; "(5) a list of proposed stipulations for pretrial and trial purposes"; "(8) a list of witnesses . . . and a <u>description of the testimony</u> each witness will give"; "(9) a list of items to be offered as exhibits at trial, including a <u>description of the substance</u> of and each party's objections to each exhibit"; and "(13) a statement concerning whether bifurcation or a separate trial of individual issues is necessary." *Magistrate Judge Nathanael M. Cousins Trial Preparation Standing Order* (emphasis added).

Because Delta and plaintiffs have failed to satisfy these requirements, the Court orders the parties to submit a new joint pretrial statement that corrects the deficiencies identified below.

13-cv-02306-NC

## I. DETAILED DESCRIPTION OF RELIEF SOUGHT

Under the section "Relief Sought," plaintiffs list 11 forms of relief sought, including "special, general, compensatory, and punitive damages," penalties and amounts for various sections of the California Labor Code, and liquidated damages under both state and federal employment laws. Other than a reference to $4,000 in penalties under Labor Code § 226(e), plaintiffs offer no overall monetary damages amount.

The Court needs to know how much this case is worth. Put differently, plaintiffs must state how much money they intend to seek from Delta.

It also appears that plaintiffs seek to bring overlapping causes of action under both the California Labor Code as well as the Fair Labor Standards Act, and other state and federal employment laws. Plaintiffs need to provide a "detailed description of the relief sought" under each of these statutes. In particular, the plaintiffs omit how much plaintiffs and the alleged 100-plus PAGA members are entitled to in civil penalties.

In short, plaintiffs must provide the Court with more details. Concluding the "Relief Sought" section with a catch-all statement that plaintiffs seek "[s]uch other relief as required by law, which the Court deems just and proper" is the antipode of "detailed description."

## II. UNDISPUTED AND STIPULATED FACTS

Plaintiffs and Delta list 20 facts and conclude that the "parties are continuing to meet and confer regarding additional factual stipulations." Trial is in less than three weeks. Plaintiffs and Delta must submit a complete list of undisputed and stipulated facts.

## III. PROPOSED STIPULATIONS

There is a blank space after the term "Defendants" in this section. Delta needs to include its proposed stipulations for the purposes of pretrial and trial.

## IV. DISPUTED POINTS OF LAW

As it did in its motion to strike, Delta raises concerns over the manageability of plaintiffs' PAGA claims. Delta states there are 135 non-represented PAGA members, allegations of 15 different labor code violations," and a "diversity of facts" that would

make the trial unmanageable. Dkt. No. 122 at 23. The Court already denied Delta's prior motion to strike. Dkt. No. 114.

Still, it is not the Court's responsibility to propose the best way to manage the presentation of these claims at trial. That is plaintiffs' responsibility. In response to Delta's concerns, plaintiffs state that the "predicate facts and labor violations set forth in Plaintiffs other claims will prove everything necessary for their PAGA claims." Dkt. No. 122 at 23. Plaintiffs go on to describe various alleged admissions by defendants that they believe demonstrate liability. Plaintiffs appear to conflate the issue of liability with the issue of manageability at trial. *See id.* ("Thus, there is no *manageability* issue. Plaintiffs can easily demonstrate *liability* under PAGA through their testimony, the exhibits, and Defendants' admissions.") (emphasis added).

Plaintiffs need to explain to the Court how they intend to efficiently present these claims at trial for the purpose of establishing damages. For instance, even if PAGA liability can be established by way of Delta's liability on other claims for the represented parties, plaintiffs still need to establish to the jury how much those claims are worth for the alleged 135 non-represented PAGA members. As Delta has pointed out, there are three different divisions within its operations, each of which consist of workers of various job classifications, pay, hours worked, and reimbursement amounts requested. Plaintiffs have not addressed Delta's concerns over how these issues will be managed at trial and must do so.

## V. DESCRIPTION OF TESTIMONY FROM EACH WITNESS

Delta lists four named witnesses it intends to call at trial, but fails to describe what each of those witnesses will testify about. Delta instead states that the witnesses "will provide testimony concerning various aspects of the most of the issue [sic] of this case." Dkt. No. 122 at 31. Delta must describe what each witness will testify to. Moreover, both plaintiffs and Delta list "Impeachment witnesses." Delta and plaintiffs need to provide specific names of witnesses, and a description of their testimony.

## VI. DESRIPTION OF EXHIBITS

Both plaintiffs and Delta list close to 300 exhibits. Some descriptions are self-explanatory (e.g., employee W-9 forms, employee tax returns). Others are less clear and fail to describe the substance of the exhibit (e.g., "124. Email from non-plaintiff," "129. Emails"). Even exhibit descriptions such as "140. Request for payment" fail to describe who requested the payment and when. The parties must look through this list again and make sure that each item describes the parties concerned, what the exhibit is, and the date that relates to the exhibit.

## VII. STATEMENT CONCERNING BIFURCATION

The parties fail to make any statement concerning whether bifurcation or a separate trial of individual issues is necessary. There is simply a blank space after the heading "Bifurcation and separate trial issues." Dkt. No. 122 at 47. The parties must correct this error.

## VIII. CONCLUSION

In light of the deficiencies identified above, the Court orders plaintiffs and Delta to resubmit a new joint pretrial statement with corrections by noon on January 20, 2015.

**IT IS SO ORDERED.**

Dated: January 15, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge