1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9

10   MARTIN ARNAUDOV, et al.,

11              Plaintiffs,                    Case No. 13-cv-02306-NC

12       v.                                    **ORDER RE: SETTLEMENT**
                                               **AGREEMENT**
13   CALIFORNIA DELTA MECHANICAL,
     INC., et al.,                             Re: Dkt. Nos. 132, 140
14
                Defendants.
15

16          Before the Court is Delta's and plaintiffs' motion for approval of settlement of

17   claims under the Fair Labor Standards Act and the California Private Attorneys General

18   Act.  As part of the supplemental memorandum in support of this motion, the parties also

19   filed a motion to seal certain terms of the settlement agreement.  Dkt. No. 140.  As to this

20   latter motion, the issue is whether the parties have shown compelling reasons to overcome

21   the presumption of public access and to warrant redacting portions of the settlement

22   agreement.  Because Delta and plaintiffs have failed to articulate any compelling reason

23   why parts of the settlement agreement should be redacted, the Court DENIES the parties'

24   motion to seal without prejudice.

25          Furthermore, because the parties failed to follow the local rules governing

26   administrative motions to seal and did not file an unredacted version of the settlement

27   agreement for the Court's review, the Court DENIES Delta's and plaintiffs' motion for

28   approval of settlements of FLSA and PAGA claims without prejudice.

Case No.: 13-cv-02306-NC

## I.     LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to file a motion to seal in connection with a non-dispositive motion, however, must show "good cause" under Federal Rule of Civil Procedure 26(c). *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

In any case, "the party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Furthermore, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Requests to file under seal must be "narrowly tailored," *id.*, and must be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation . . . that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

//

## II.   DISCUSSION

### A.   Failure to Attach Sealed, Unredacted Version

Under Civil Local Rule 79-5(d)(1)(D), an unredacted version of the document sought to be filed under seal must be filed electronically under seal as an attachment to the administrative motion to seal.  Civ. L.R. 79-5(d)(1)(D).  Indeed, the "[i]nstructions for e-filing documents under seal can be found on the ECF website." *Id.*  In addition, the "unredacted version must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version . . . ." *Id.*  Moreover, parties that seek to file documents under seal must attach a proposed order that "lists in *table format* each document or portion thereof that is sought to be sealed."  Civ. L.R. 79-5(d)(1)(B) (emphasis added).

Here, while Delta and plaintiffs electronically filed a redacted version of the settlement agreement," Dkt. No. 140-2-2, their motion to seal does not include the unredacted version with highlights of the redacted portions. *See* Dkt. No. 5.  In the proposed order for the sealing motion, Delta and plaintiffs also fail to list the portions of the document it wishes to seal in table format.  Dkt. No. 137.

This failure to comply with the local rules will not do.

Accordingly, the Court orders Delta and plaintiffs to either publicly file an unredacted version of the settlement agreement or electronically file an administrative motion to seal portions of the settlement agreement.  Any administrative motion to seal should be filed *separately* from its motion for settlement approval and must be in accordance with the local rules just outlined.

### B.   Compelling Reasons Standard

A threshold issue related to the parties' motion to approve the settlement is whether the motion itself qualifies as a dispositive or non-dispositive motion in the sealing context.  When presented with a proposed settlement of FLSA claims, the Court "must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Yue Zhou*

1    *v. Wang's Restaurant*, No. 05-cv-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8,

2    2007).  Similarly, a "settlement reached between the parties on a PAGA claim is subject to

3    court review and approval."  *Schiller v. David's Bridal, Inc.*, 2012 WL 2117001, at *14

4    (E.D. Cal. June 11, 2012) (citing Cal. Lab.Code § 2699(l)).

5            While there is no specific Ninth Circuit guidance, most district courts considering a

6    motion to seal in connection with a motion to approve settlement of FLSA claims have

7    applied a presumption of public access.  *See Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d

8    643, 646-48 (S.D.N.Y. 2011) (joining "the overwhelming consensus of district courts that

9    have considered the issue to hold that an FLSA settlement cannot be sealed absent some

10   showing that overcomes the presumption of public access"); *Kianpour v. Rest. Zone, Inc.*,

11   2011 WL 3880463, at *2 (D. Md. Aug. 30, 2011) (vast majority of recent cases addressing

12   this issue apply the presumption of public access to FLSA settlements); *Taylor v. AFS*

13   *Technologies, Inc.*, 2010 WL 2079750, at *2-3 (D. Ariz. May 24, 2010) (applying

14   compelling reasons standard to a motion to approve FLSA settlement and permitting the

15   parties to elect between withdrawing FLSA settlement or making settlement agreement

16   part of public record); *see also M.P. ex rel. Provins v. Lowe's Companies, Inc.*, 2012 WL

17   1574801, at *1 (E.D. Cal. May 3, 2012) (holding that, because approval of minor's

18   settlement is dispositive, the compelling reasons standard applies to motion to seal, citing

19   *Taylor*, 2010 WL 2079750, at *2).

20           Here, because approval of the settlement agreement will be dispositive of both the

21   FLSA and PAGA claims, the Court applies the compelling reasons standard.  Examples of

22   compelling reasons include "the use of court records for improper purposes," such as "to

23   gratify private spite, promote public scandal, circulate libelous statements, or release trade

24   secrets."  *Kamakana*, 447 F.3d at 1179.  "[S]ources of business information that might

25   harm a litigant's competitive standing" may also give rise to a compelling reason to seal.

26   *Nixon*, 435 U.S. at 598.

27           Delta and plaintiffs seek to seal provisions of the settlement agreement related to

28   two areas: (1) the total amount paid under the settlement that incorporates non-FLSA

United States District Court
Northern District of California

1  claims; and (2) the security provisions in the settlement agreement.  Dkt. No. 140 at 3.

2  **1.  Total Settlement Agreement Amount**

3  Delta and plaintiffs argue that because the total settlement agreement amount

4  incorporates state law claims that do not require court approval, Delta and plaintiffs need

5  not disclose the final amount.  Dkt. No. 140 at 4.  Instead, Delta and plaintiffs claim they

6  must only disclose settlement amounts related to their FLSA and PAGA claims.

7  While the Court agrees that it need only review the settlement of the FLSA and

8  PAGA claims, Delta and plaintiffs must still articulate compelling reasons, supported by

9  specific factual findings, as to why the Court should seal other portions of the settlement

10  agreement it seeks to file.  Instead, Delta's and plaintiffs' only arguments are that redacting

11  the total settlement amount would protect the confidentiality interests of other Delta

12  entities in other jurisdictions facing FLSA lawsuits, prevent prejudice, and encourage

13  settlement in those other matters.  *Id.* at 4.

14  The parties in *Luo v. Zynga Inc.*, 2013 WL 5814763, at *3 (N.D. Cal. 2013) made

15  similar arguments.  There, the parties argued that a settlement agreement concerning FLSA

16  claims should remain under seal because making it public could discourage settlement by

17  exposing the employer to potential additional litigation.  *Id.*  This Court in *Luo* found such

18  arguments unpersuasive and ruled that the settlement agreement should be unsealed.  *Id.*  at

19  *4.  Like in *Luo*, the Court here finds arguments by Delta and plaintiffs similarly

20  unpersuasive.

21  In short, Delta and plaintiffs fail to point to any particularized harm that would

22  result from disclosure.  Their conclusory assertions do not constitute good cause, "let alone

23  a compelling reason," to seal.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

24  1136 (9th Cir. 2003).

25  Delta and plaintiffs also failed to satisfy Civil Local Rule 79-5(b), which permits

26  sealing orders only where parties have "establishe[d] that the document or portions thereof

27  is privileged or protectable as a trade secret or otherwise entitled to protection under the

28  law."  Civ. L.R. 79-5(b).  Without more, the Court must deny Delta's and plaintiffs'

1    motion to seal the portion of the settlement agreement identifying the total settlement

2    amount.  *See Luo*, 2013 WL 5814763, at *3 ("Because the parties here have failed to

3    articulate any facts—for example that the settlement agreement contains trade secrets or

4    competitively sensitive information—that would justify sealing their settlement agreement,

5    the Court finds that the settlement agreement should be unsealed.").

6              **2.    Security Provisions**

7              Delta and plaintiffs also seek to redact the "Security Provisions" of the settlement

8    agreement.  According to the parties, the provisions "provide additional security to the

9    Plaintiffs in order to ensure that the payments called for in the settlement agreement will

10   be made." *Id.* at 5.  Delta and plaintiffs contend that "inclusion of these provisions in the

11   public record *will perhaps* needlessly prejudice efforts towards resolving FLSA claims

12   pending in other jurisdictions and reveal settlement strategies that would normally never be

13   subject to public scrutiny." *Id.* at 5 (emphasis added).  They further add that redaction

14   would not "impact the ability to assess the reasonableness of the settlement in any manner

15   or hinder the public policy underlying the presumption of public access to FLSA

16   settlement agreements." *Id.*

17            These arguments are not persuasive.  Much like the request to seal the total

18   settlement amount, Delta and plaintiffs fail to articulate compelling reasons, supported by

19   specific factual findings.  In fact, rather than making a particularized showing of harm,

20   Delta and plaintiff speculate that disclosing the security provisions "will perhaps"

21   prejudice other Delta entities seeking to settle FLSA claims in other jurisdictions.

22            And just as with the earlier request, Delta and plaintiffs' request to redact the

23   security provisions fail to meet Civil Local Rule 79-5(b).  Without showing why these

24   portions of the document are "privileged or protectable as a trade secret or otherwise

25   entitled to protection under the law," the Court denies Delta's and plaintiffs' motion to seal

26   the portion of the settlement agreement involving the security provisions.  *See Luo*, 2013

27   WL 5814763, at *3.

28   //

United States District Court
Northern District of California

1

### III.  CONCLUSION

2          Delta's and plaintiffs' administrative motion to file under seal portions of its

3   settlement agreement is DENIED without prejudice.  The parties must either file an

4   unredacted version of the settlement agreement, or resubmit an amended administrative

5   motion to seal in accordance with this order within 14 days.  This motion to seal must

6   establish why the portions Delta and plaintiffs seek to redact meet the compelling reasons

7   standard and satisfy Local Rule 79-5.  The sealing motion must also be separate from its

8   motion for approval of settlement of FLSA and PAGA claims.

9          Because the Court has not received an unredacted version of the settlement

10  agreement that includes all of the agreements' terms and conditions as required under

11  Local Rule 79-5, the Court DENIES the parties' motion for approval of its settlement

12  claims without prejudice.  Along with its separate motion to seal, the parties must file an

13  amended motion for approval of its settlement claims within 14 days.

14         Delta and plaintiffs' also request that the Court appoint a magistrate judge to make a

15  confidential and "binding determination of reasonable attorney's fees and costs under the

16  settlement agreement."  Dkt. Nos. 132 at 11, 137 at 2.  The Court will not be reaching this

17  request yet.

18         **IT IS SO ORDERED.**

19

20  Dated:  April 7, 2015                                   _____

21                                                          NATHANAEL M. COUSINS
                                                            United States Magistrate Judge
22

23

24

25

26

27

28