UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ARNAUDOV, and others,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DELTA MECHANICAL, INC., TODOR KITCHUKOV, and others,<br><br>Defendants. | Case No. 13-cv-02306 NC<br><br>**ORDER REQUESTING FURTHER BRIEFING ON PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AGAINST TODOR KITCHUKOV**<br><br>Re: Dkt. No. 178 |

Presented to the Court is plaintiffs' motion to enforce their settlement agreement against individual defendant Todor Kitchukov. Dkt. No. 178. Plaintiffs seek a judgment against Kitchukov under Federal Rule of Civil Procedure 54(b), which permits entry of final judgment as to one or more parties in a multi-party case "only if the court determines that there is no just reason for delay." Because plaintiffs' motion is unclear as to the amount and justification for the requested judgment, the Court requests additional information.

### I.     Procedural History

The settlement agreement (Dkt. No. 158-2) was approved by this Court on September 28, 2015. Dkt. No. 176. After the Court approved the settlement, corporate defendants Delta Mechanical, Inc., California Delta Mechanical, Inc., and Nevada Delta Mechanical, Inc. gave notice that they had filed bankruptcy petitions. Dkt. No. 177. The automatic bankruptcy stay does not extend to non-bankrupt defendant Kitchukov. *Boucher v. Shaw*, 572 F.3d 1087, 1093-94 (9th Cir. 2009).

The Court has subject matter jurisdiction to enforce the settlement agreement because

Case No. 13-cv-02306 NC
ORDER FOR FURTHER BRIEFING

it expressly retained jurisdiction at the time it approved the settlement. Dkt. No. 176; *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). In addition, all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. Dkt. Nos. 13, 17, 57. Kitchukov has not responded to the motion to enforce. *See* Dkt. No. 182 (notice setting Nov. 30 deadline to respond).

Under the terms of the settlement agreement, defendants Delta Mechanical, Inc. and Kitchukov are "individually and jointly and severally liable for all payments obligations set forth" in the Agreement. Settlement ¶ 1(f), Dkt. No. 158-2. Furthermore, judgment may be rendered against "any or all of the Defendants (except Nevada Delta Mechanical, Inc.) in the event of a default." *Id.* And, specifically, plaintiffs are entitled to seek "immediate judgment" against Kitchukov and DMI in the "full amount" of all unpaid sums if a default is not cured. Settlement ¶ 1(h).

## II.   Request for Additional Information

Plaintiffs' motion for enforcement seeks a judgment against Kitchukov, but the amount is not clear. The proposed order says $1,567,261.81. Dkt. No. 181. Page 14 of the plaintiffs' brief says $1,583,289.26. Dkt. No. 178. Page 15 of the same brief says $1,583,289.6. *Id.* So, first, plaintiffs must clarify the amount they seek.

Second, plaintiffs must explain the calculation and evidence that supports their requests for $391,815.44 in liquidated damages and $15,997.50 in "additional attorneys' fees." Dkt. No. 178 at 14. (Again, plaintiffs' proposed order uses a different number for the liquidated damages: $391,815.49). The Court acknowledges that the settlement agreement ¶ 2(h) contains a liquidated damages provision in the event of default, but does not understand how plaintiffs have made their calculation.

Plaintiffs must provide the requested information by December 15.

IT IS SO ORDERED.

Date: December 8, 2015

_____
Nathanael M. Cousins
United States Magistrate Judge